(Licking County, O., Common Pleas.)
January, 1898.

LAURA BELLE HOUSEHOLDER v. KANSAS MUTUAL LIFE ASSN.

(1). In an action against an insurance company service may be made on the local agent under sec. 5046, R. S., and also on the managing agent in the state under sec. 5045, R. S., although not a resident of the county. The provisions of these sections in that respect are cumulative.

(2). Where the agent of an insurance company attends the hearing of a case in a court located in another county, for which county he is also the agent of that insurance company, and while there he is served with process in another suit there pending against his insurance company, such service, in view of the provisions of our statutes in regard to the service of process on insurance companies in suits instituted against them, will not be set aside as invalid.

---

JONES, J.

The case of Laura Belle Householder v. The Kansas Mutual Life Association is submitted to the court upon a motion to quash the service of a second summons issued in the case, on the ground that it was served on John B. Hill, whose residence is West Jefferson, Madison county, Ohio, the service having been made by the sheriff of this county in Newark, when Hill was here in attendance at the hearing of a motion to quash a former service on December 13, 1897.

It is said in the affidavit in support of this motion that Hill is the agent for the defendant for the southern half of Ohio, which includes Licking county; that his presence in the county was for the sole purpose of assisting in the hearing of the motion, and as a witness; and that the service was made upon him before he had time to leave after the hearing was closed.

Upon that statement, without more, this service is not good. Section 5031, Rev. Stat., reads: "Every other action must be brought in the county in which a defendant resides or may be summoned, except actions against an executor, administrator," etc. Now, of course the defendant might be summoned, its agent being here at that time, if it was not for the fact that the agent was here upon this litigation. The case of Andrews v. Lembeck, 46 Ohio St., 38, it seems to the court, settles this question upon this point, and the syllabus is as follows: "A person attending the hearing of an application for an injunction in a case in which he is interested as a party, in a county other than that of his residence, is privileged from service of summons while going to, attending and returning from the place of such hearing." Now, it is said that this case does not apply, because Hill, the agent, had no personal interest in the suit. Of course, that is in the terms of this syllabus—"an application for an injunction in a case in which he is interested as a party." Of course, Hill has no personal interest in this case, but, so far as he is concerned, he is the insurance company, and if service can be made upon him, jurisdiction is obtained over the insurance company.

The court say, upon this question of whether service of summons can be made upon a man when he is attending litigation in a county other than his residence: "The question is one which profoundly concerns the free and unhampered administration of justice in the courts. That suitors should feel free and safe at all times to attend, within any jurisdiction outside of their own, upon judicial proceedings in which they are concerned, and which require their presence, without incurring the liability of being picked up and held to answer some other adverse judicial proceeding against them, is so far a rule of public policy that it has received almost universal recognition, wherever the common law is known and administered;" and citing a great number of cases. Now he was this company so far as attending this hearing was concerned, and, so far as that is concerned, this service would not be good; and it is not good at all unless as managing agent he could be served in Madison county in an action brought here. Now, I suppose if service could be made upon him in Madison county so as to give jurisdiction of this action in Licking county, making service upon him here while he was necessarily engaged in litigation here

the service upon a citizen here while engaged in a trial of a law suit here would invalidate service upon him in another suit. If it is the fact that it is more convenient to make it here, if it saves exwould no more invalidate a service than pense—if it could be made there—then the reason of this rule does not apply. If service can be made upon him in Madison county in this case here in Licking county, it does not interfere with the freedom of his attending litigation in Licking county, because the action can be brought here anyhow. Now, if that is the case, it appears to the court that the reason of the rule would cease, and the rule itself would, therefore, cease. The question is whether that is so or not.

Section 5038, Rev. Stat., reads: "When the action is rightly brought in any county, according to the provisions of chapter five of this division (and this is chapter six that I am reading from) a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request."

Now, in order to find whether the action is rightly brought here, we turn to sec. 5030, Rev. Stat., which is in chapter five, and it reads: "An action other than one of those mentioned in the first four sections of this chapter, against a nonresident of this state or a foreign corporation, may be brought in any county in which there is property of or debts owing to the defendant, or where such defendant is found; but if the defendant is a foreign insurance company, the action may be brought in a county where the cause, or some part thereof, arose."

Now, it appears from this petition that this defendant is an insurance company, organized under the laws of the state of Kansas, and that Harry Householder died in this county. It does not appear where this contract was made, but it does appear that he died in this county which gave rise to the case of action. According to this section, he can be sued in any county in the state when the defendant is a foreign corporation.

Section 5046, Rev. Stat., provides: "When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent". We have this action, according to sec. 5030, Rev. Stat., rightly brought in this county. We have the provision of sec. 5038, Rev. Stat., that in such cases summons may be issued to another county. And, sec. 5046, Rev. Stat., the defendant being a foreign corporation, the service may be made upon a managing agent. Of course, sec. 5045, Rev. Stat., provides that, "When the defendant is an insurance company and the action is brought in a county in which there is an agency, the service may be upon the chief officer of such agency;" but that is a provision, the court thinks, in addition to sec. 5046, Rev. Stat. And while service

may be made upon an agent of the company in a county where the suit is brought, yet, notwithstanding that, it may be made upon the managing agent, and although there is such an agent in the county. It does not appear that there is any agent of the company in this county. Now, the provision of the statute that the action may be brought in any county in the state where the foreign corporation is an insurance company, is made with the design, as the court thinks, to give the trial of the cause of action to the county where the cause of action arose; to prevent the necessity of going all over the state and outside of the residence of the plaintiff to prosecute the action, which would, in many cases, be a denial of justice, because the party would not be able to give security for costs and would be unable to prosecute the suit; and this section gives that special right when the defendant is a foreign insurance company.

The other sections provide in what way service may be made in such cases. This case is peculiar. It does not make much difference how the court decides this, because the company is in court according to the decision of the court anyhow, and these are the views of the court upon this question.

The motion may be overruled.

Edward Kibler, for Plaintiff.

S. M. Hunter, for Defendant.